FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDRES MESA GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KRISTY RINIKER,<br><br>　　　　Defendant. | No. 1:24-CV-03140-ACE<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>**ECF No. 5** |

**BEFORE THE COURT** is Defendant's Motion to Dismiss.[1]  ECF No. 5. Plaintiff is proceeding *pro se*; Defendant is represented by Assistant United States Attorney Timothy M. Durkin.  This matter was submitted for consideration without oral argument.

## BACKGROUND

Plaintiff brought this lawsuit against Dr. Kristy Riniker, M.D., in the Small Claims Division of the Yakima County District Court on April 4, 2024.  ECF No. 1-1 at 5.  Plaintiff's complaint alleges Dr. Riniker, a public health care provider

---

[1] Plaintiff filed no response to Defendant's dispositive motion.  *See* LCivR 7(e) ("The failure to comply with the requirements of LCivR 7(b) or (c) may be deemed consent to the entry of an order adverse to the party who violates these rules.").

ORDER - 1

and employee of the Yakima Valley Farm Workers Clinic ("YVFWC"), a federally assisted public health service facility, "prescribed me medicine that was killing me. The memorial Hospital doctor told me that I should not be taking the mediation & that much of what was prescribed to me. The doctor took the medicine away from me because it was dangerous for me." ECF No. 1-1 at 5. Although not specified in the complaint, the YVFWC advised that the alleged dates of Plaintiff's care occurred sometime before November 25, 2022. ECF No. 5 at 2. Plaintiff's state court medical negligence suit was removed to this Court pursuant to the Federal Supported Health Center Assistance Act, 42 U.S.C. § 233, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1342, 1346(a), 1346(b), 2679.[2]

## DISCUSSION

### A. Standard of Review

Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the Court has subject matter jurisdiction to hear the claims asserted by Plaintiff. A complaint must be dismissed under Rule 12(b)(1) if, considering all allegations in the light most favorable to Plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). The party asserting jurisdiction (here, Plaintiff) bears the burden of establishing subject matter jurisdiction. *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778-779 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

---

[2]The federal district courts provide exclusive jurisdiction and venue for plaintiffs who are asserting FTCA claims.

ORDER - 2

B.  Analysis

   1.   **Failure to Exhaust Administrative Remedies**

Defendant first argues that since Plaintiff failed to exhaust administrative remedies, a prerequisite for establishing subject matter jurisdiction, the Court lacks jurisdiction.  ECF No. 5 at 4-5.

A FTCA action "shall not be instituted" against the United States unless the claimant first presents the claim to the "appropriate Federal agency" and the claim is denied or the agency fails to make a final disposition of the claim within six months.  28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The [FTCA] bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.")  "The claim requirement of § 2675(a) is a jurisdictional limitation."  *Id.*; *Meridian Intern. Logistics, Inc. v. United States*, 939 F.2d 740, 743 (1991).  The FTCA, once jurisdictional prerequisites are satisfied, "vests the federal District Courts with exclusive jurisdiction over suits arising from the negligence of Government employees."  *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992).

Here, no evidence has been provided demonstrating Plaintiff filed a FTCA administrative claim prior to filing his lawsuit in Yakima County District Court.  As indicated above, Plaintiff filed no response or otherwise objected to Defendant's argument that Plaintiff has failed to exhaust his administrative remedies in this matter.  Since it appears Plaintiff failed to exhaust his FTCA administrative remedies before filing his suit against Dr. Rinker, the Court finds it lacks subject matter jurisdiction over Plaintiff's medical negligence claims and dismissal is appropriate.

   2.   **Statute of Limitations**

Defendant additionally asserts Plaintiff's claims are barred by the FTCA's two-year claim filing requirement.  ECF No. 5 at 6-7.

///

ORDER - 3

It is well settled that the United States has sovereign immunity and remains immune from suit absent a specific waiver or consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). In enacting the FTCA, Congress provided a limited waiver of immunity, specifically allowing individuals to sue the government "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). But such a claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

Generally, the FTCA's statute of limitations begins to run on the date of the injury. *United States v. Kubrick*, 444 U.S. 111, 120 (1979). Accrual of a claim does not "wait awareness by a plaintiff that his injury has been negligently inflicted." *Id*. at 123. In a medical malpractice case under the FTCA, the Ninth Circuit explains "a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." *Landreth by and Through Ore v. United States*, 850 F.2d 532, 533 (9th Cir. 1988) (citing *Kubrick*, 444 U.S. at 120). The cause of an injury is known when the immediate physical cause of the injury is discovered. *Outman v. United States*, 890 F.2d 1050, 1051 (9th Cir. 1989); *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 145 (2d Cir. 2011); *Aarteaga v. United States*, 711 F.3d 828, 834 (7th Cir. 2013).

Here, the complaint fails to specifically allege an injury date; however, as indicated above, Plaintiff's care at the YVFWC occurred sometime prior to November 25, 2022. Therefore, more than two years have elapsed since the alleged negligent prescription event occurred. Again, Plaintiff has filed no response or otherwise objected to Defendant's assertions regarding Plaintiff's failure to comply with the FTCA's two-year administrative claim filing requirement.

///

ORDER - 4

The Court finds Plaintiff has failed to comply with the FTCA's two-year administrative claim filing requirement.  Accordingly, Plaintiff's claims are time barred as well.

**C.    Conclusion**

For the reasons discussed above, dismissal of this action is appropriate under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, **ECF No. 5**, is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order, provide copies to *pro se* Plaintiff and counsel for Defendant, and **CLOSE THE FILE**.

DATED February 5, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5